**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEPHEN YAGMAN, | No.  15-56318 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-05860-SVW |
| v. | |
| ERWIN MEINBERG, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Stephen Yagman appeals pro se from the district court's judgment and
challenges the denial of his motion for attorney's fees under the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412, and motions for sanctions.  We have
jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Even if, as Yagman contends, the district court erred by dismissing his motions for attorney's fees and for sanctions as moot, we need not remand for further proceedings because his motions fail on their merits. *See Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (we may affirm on any ground supported by the record).

Yagman contends he is a prevailing party under the EAJA because his habeas petition resulted in the Bureau of Prisons vacating the challenged disciplinary hearing. This action, however, was voluntarily undertaken by the Bureau of Prisons and the habeas petition was ultimately dismissed as moot. Accordingly, Yagman is not a prevailing party for purposes of the EAJA. *See Buckhannon Bd. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009) ("To receive what one sought is not enough to prevail: the court must require one's opponent to give it.").

Yagman next contends that the Respondent's argument, made in opposition to his motion for attorney's fees, that Yagman's habeas petition is not a "civil action" for purposes of the EAJA is sanctionable under either 28 U.S.C. § 1927, Rule of Civil Procedure 11, or the court's inherent authority. We disagree. The record demonstrates that this argument was not frivolous, vexatious, or otherwise

brought in bad faith.

In light of this disposition, Yagman's request for costs on appeal, set forth in his opening brief, is denied. Yagman's request for sanctions to be imposed against appellee on appeal, set forth in his reply brief, is denied.

**AFFIRMED.**